# UNITED STATES DISTRICT COURT
for the
District of Nebraska

In the Matter of the Search of )
)
The residence located at 6833 South 147th Street ) Case No. 8:14MJ135
Omaha, Nebraska )
)
)

**SEALED**

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

MAY 22 2014

OFFICE OF THE CLERK

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the _____ District of **NEBRASKA** *(identify the person or describe property to be searched and give its location):*

**The residence located at 6833 South 147th Street Omaha, Nebraska**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):*

**controlled substance, or the proceeds from the sale of or for purchase of controlled substances**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __21__ U.S.C. § __846__, and the application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

SA Quinn Auten, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/22/14

*Judge's signature*

City and state: **OMAHA, NEBRASKA**

F.A. GOSSETT U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION

I, Quinn Auten, being duly sworn, depose and state as follows:

1. I am a Special Agent (SA) with the Drug Enforcement Administration (DEA). I am a law enforcement officer of the United States within the meaning of Title 18, United States Code (USC), Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for offenses enumerated in Title 18, USC, Section 2516.

2. I have been so employed by the DEA since 2005. I attended the Basic Agent Training program at the DEA Academy in Quantico, Virginia. I have been assigned to the Omaha District Office (DO) of the DEA since 2005, where I have participated in and conducted investigations involving narcotics activities. These investigations have resulted in arrests of individuals who have smuggled, received, and distributed controlled substances, including methamphetamine, cocaine, heroin, and marijuana, as well as the seizure of controlled substances and the proceeds of the sale of those controlled substances. In addition, I have conducted investigations concerning the concealment of narcotics proceeds, including assets, monies, and bank records, and the identification of co-conspirators through the use of drug ledgers, phone records, bills, photographs, and financial records. I have completed advanced training in Clandestine Laboratory, Telecommunications, and Internet Communications investigative techniques, Money Laundering, and Financial Investigation.

3. I have participated in investigations involving the interception of wire communications, body recordings, and video surveillance. I have also participated in and executed numerous search and seizure warrants authorizing the search of locations of

drug traffickers and their co-conspirators and vehicles used to transport controlled substances. Materials searched for and recovered in these locations have included controlled substances, packaging materials, scales, cutting agents, weapons, documents and papers reflecting the identity of co-conspirators, and receipts for concealed investments, and proceeds derived from the distribution of controlled substances. During these investigations, I have participated in interviewing witnesses and cooperating sources regarding illegal trafficking in drugs and I have read official reports of similar interviews by other officers.

4. I am familiar with the methods in which narcotics traffickers conduct their business, including, but not limited to, their methods of importing, manufacturing, and distributing narcotics, their use of mobile telephones, their use of businesses, houses, and other facilities in which narcotics are stored and meetings are conducted, and their use of numeric codes and code words to conduct their narcotics transactions.

5. The statements contained in this affidavit are based upon my personal observations and, in part, on information provided by other Special Agents of the DEA, other state and local law enforcement personnel, and on my experience and background as a Special Agent with the DEA. Unless otherwise noted, wherever in this Affidavit I assert that a statement was made, the information was provided by another law enforcement officer to whom I have spoken.

6. On May 21, 2014, the United States District Court for the District of Nebraska issued arrest warrants for Kevin ADKINS and Joseph HUSS based upon an Indictment, case number 8:14CR156, for multiple counts including Count I, Conspiracy to Distribute and Possess with Intent to Distribute 50 kilograms or more of marijuana.

7. At approximately 7:25 a.m., on May 22, 2014, SA Quinn Auten, and other Special Agents and Task Force Officers approached 6833 S. 147th Street, Omaha, Nebraska the known residence of Kevin ADKINS. There, SA Auten knocked on the front door and

announced police presence and declared he was in possession of a warrant for ADKINS' arrest. SA Auten observed Kevin ADKINS open the front door of the residence where he was subsequently placed into handcuffs and secured.

8. SA Auten asked ADKINS if any other persons were present in the residence and was told by ADKINS that no other persons were present. SA Auten noted that ADKINS was not clothed beyond his undergarment and told ADKINS he would secure clothing for ADKINS. ADKINS told SA Auten that investigators could find his clothing in the upstairs, main bedroom. SA Auten explained that investigators would need to perform a security sweep of the house in order to establish there were no other persons present which may present a threat to law enforcement or themselves. ADKINS agreed and reiterated that no one was present in the house.

9. Subsequently, investigators, including SA Auten, checked each room of the house for the presence of additional persons. While doing so, SA Auten and Task Force Officer (TFO) Edith Andersen smelled a strong odor of marijuana as they approached the stairwell to the basement of the residence. In the basement, SA Auten, as witnessed by TFO Andersen, observed a small "Huf" brand, glass smoking apparatus containing marijuana, in plain view on a shelf, below a bar-like counter, in the basement.

10. Investigators completed the security check of the residence, clothed ADKINS, and transported him to be booked and subsequently lodged him at Douglas County Corrections pending presentation of ADKINS to the U.S. Marshals Service under the Arrest Warrant. SA Auten secured the residence with two Special Agents while he sought a warrant to search 6833 S. 147th Street, Omaha, Nebraska based on the probable cause that it may contain contraband, to wit, marijuana.

11. At approximately 8:48 a.m., SA Tim Starmer and other Special Agents and Task Force Officers approached 3866 Dodge Street, Omaha, Nebraska the known residence of Joseph HUSS. There investigators knocked on the rear door of the residence, and

announced police presence and declared they were in possession of a warrant for HUSS' arrest. SA Starmer observed Joseph HUSS open the door where he was subsequently placed into handcuffs and secured. SA Tim Starmer and other investigators observed there was a water pump, actively pumping water from within a garbage can via a plastic hose line into the rear of the residence consistent with equipment known to be used by controlled substance violators to operate indoor marijuana grow operations.

12. SA Starmer spoke with HUSS about a dog that was barking in the house and asked consent to enter the house. HUSS offered to secure the dog and volunteered to admit investigators to the residence. Subsequently, SA Starmer and other investigators entered and checked the residence for other persons to ensure their safety. In doing so, SA Starmer and other investigators observed the presence of marijuana in plain view. Investigators observed an approximately 1 foot by 1 foot cardboard box on a kitchen counter adjacent to where investigators entered the house containing marijuana. Additionally, marijuana growing equipment was observed in plain view in the basement, to include trays, pumps and lights. SA Auten went to 3866 Dodge Street, Omaha, Nebraska immediately after the residence was secured by investigators. SA Auten spoke with SA Tim Starmer and other investigators who observed and witnessed HUSS' arrest. SA Auten observed these same items as described above, in person, immediately following their discovery.

13. Investigators clothed HUSS, and transported him to be booked. Subsequently, SA Auten read HUSS his Miranda Rights advisement as witnessed by TFO Sean Standard, at the Omaha District Office. HUSS told SA Auten he helped Kevin ADKINS in the distribution of large quantities of marijuana within the last two years. Additionally, Huss told SA Auten that he grew marijuana at the 3866 Dodge Street residence. The residence at 3866 Dodge Street was subsequently secured by Special Agents while SA Auten sought a warrant to search the residence based on the probable cause observed there.

14. Based upon the above facts and circumstances, your Affiant, SA Auten believes that sufficient probable cause exists to authorize a warrant for the search of the premises, outbuildings, vehicles present at 6833 S. 147th Street, Omaha, Nebraska, and 3866 Dodge Street, Omaha, Nebraska for violations of 21 United States Code, Section 841(a)(1) and 846, distribution of and possession with intent to distribute, and conspiracy to distribute marijuana. SA Auten also believes that sufficient probable cause exists to authorize the seizure and search of books, records, receipts, notes, ledgers, airline tickets, money orders, financial documents and bank records, documents relating to "front" businesses and money laundering, computers and other digital storage media, cellular telephones, other miscellaneous papers relating to the transportation, ordering, sale, and distribution of controlled substances, large sums of currency, vehicles equipped with secret "traps: or hidden, smuggling compartments, paraphernalia for packaging, cutting, weighing and distributing marijuana including but limited to scales, plastic bags, diluents, presses, and firearms

Quinn D. Auten, Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on May 22, 2014

U.S. Magistrate Judge

## UNITED STATES DISTRICT COURT
for the
District of Nebraska

**SEALED**

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 8:14MJ135
)
The residence located at 6833 South 147th Street )
Omaha, Nebraska )

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of **NEBRASKA**
*(identify the person or describe the property to be searched and give its location)*:
The residence located at 6833 South 147th Street Omaha, Nebraska

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
Please See Attached Affidavit

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before ___**June 3, 2014**___
*(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
F.A. GOSSETT_____.
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __5/22/14__ _____
Judge's signature

City and state: __OMAHA, NEBRASKA__ ___F.A. GOSSETT, U.S. MAGISTRATE JUDGE___
*Printed name and title*

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 8:14MJ135 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*